1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYR SPORT, INC., a California corporation ) ) | **Case No.: SACV 08-00529 JVS (MLGx)** |
| Plaintiff, ) ) | ORDER ON STIPULATION FOR PROTECTIVE ORDER |
| vs. ) ) | |
| WARNACO SWIMWEAR, INC. dba SPEEDO USA, a Delaware corporation; UNITED STATES SWIMMING, INC., an Ohio corporation; MARK SCHUBERT, an individual; ERIK VENDT, an individual; and DOES 1 through 10, inclusive, ) ) ) ) ) ) ) ) | |
| Defendants. ) ) ) ) ) | |

## STIPULATION AND PROTECTIVE ORDER

THE PARTIES HEREBY STIPULATE AND AGREE, through undersigned counsel, that this Protective Order be entered in this action.  The purpose of this Protective Order is to safeguard the confidentiality of certain proprietary and confidential documents and information that any person or entity may be called upon to produce during the course of the action:

1

#40768 v1 saf

1       1.    In connection with discovery proceedings in the above-captioned action

2 (the "action"), any party may, by written notice, or by a statement on the record at a

3 deposition, designate any other document, testimony, answer to interrogatories, or

4 other information or discovery material that the party in good faith believes to be

5 confidential, commercial or financial information not previously made available to

6 the public as either "Confidential" or "Highly Confidential—Attorneys' Eyes Only"

7 under the terms of this Protective Order.  The provisions of this Protective Order

8 also shall apply to any non-party who provides testimony, documents or information

9 in such discovery proceedings and who agrees to be bound by the terms of this

10 Protective Order.  References to a "party" or "parties" herein shall also include such

11 non-parties.

12       2.    Any documents, material or information to be designated

13 "Confidential" or "Highly Confidential—Attorneys' Eyes Only" may be so

14 designated by stamping the documents, material or information with the legend

15 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

16 ONLY" prior to their production.  Stamping such a legend on the cover of any multi-

17 page document shall not mean that all the pages are "Confidential" or "Highly

18 Confidential—Attorneys' Eyes Only."  Rather, the producing party shall so

19 designate all pages of such document that are "Confidential" or "Highly

20 Confidential—Attorneys' Eyes Only."

21       3.    In the event counsel for the party receiving documents, material or

22 information designated as "Confidential" objects to such designation of any or all of

23 such items, said counsel shall advise the party producing the items (the "producing

24 party") of such objections and the reasons for them.  All of the items shall be treated

25 as "Confidential" pending a resolution of the parties' dispute, and it shall be the

26 obligation of the party receiving the items designated as "Confidential" to seek a

27 prompt hearing before this Court with respect to the propriety of the designation.  It

28 shall be the burden of the producing party to justify to the Court the basis for the

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

#40768 v1 saf

designation.  In the event that the receiving party seeks such a hearing, the producing party will cooperate in obtaining a prompt hearing with respect thereto.

4.     In the event counsel for the party receiving documents, material or information designated as "Highly Confidential—Attorneys' Eyes Only" objects to such designation of any or all of such items, said counsel shall advise the producing party of such objections and the reasons for them.  In the event the producing party intends to maintain the designation, it shall be required to file, within 15 days of receipt of the opposing party's objections, an appropriate motion with the Court seeking an order approving the designation of the documents as "Highly Confidential—Attorneys' Eyes Only," and it shall be the burden of the producing party to justify to the Court the basis for maintaining such designation.  All of the items shall be treated as "Highly Confidential—Attorneys' Eyes Only" pending a resolution of the parties' dispute.  In the event that the producing party seeks such a hearing, the receiving party will cooperate in obtaining a prompt hearing with respect thereto.

5.     If any party wishes to use or inquire at any deposition concerning documents, material or information designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," the portion of the deposition transcript that relates to such documents, material or information shall be designated and treated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" and subject to the confidentiality provisions hereof.  Further, any party may designate any additional portion of deposition testimony in this action "Confidential" or "Highly Confidential—Attorneys' Eyes Only" no later than ten (10) days after receipt of the deposition transcript, subject to the provisions of paragraphs 2 and 3, above.

6.     Documents or material (including portions of deposition transcripts) designated as "Highly Confidential—Attorneys' Eyes Only," or information derived solely therefrom, may only be disclosed or made available by the party receiving such information to "Qualified Persons," who, in the case of documents, material or

3

#40768 v1 saf

information designated as "Highly Confidential—Attorneys' Eyes Only" are defined to consist solely of:

    (a)    The Court;

    (b)    Counsel (including "in-house" counsel) to the named parties to this action and the paralegal, clerical, and secretarial staff employed by such counsel;

    (c)    Court reporters;

    (d)    Any deponent in a deposition taken in connection with this action;

    (e)    Experts and/or advisors consulted by the named parties or their counsel in connection with this action, whether or not retained to testify at trial; provided, that prior to any such disclosure, counsel for the party making the disclosure shall deliver a copy of this Protective Order to the expert and/or advisor, shall explain its terms to the expert and/or advisor, and shall secure the signature of the expert and/or advisor on a letter in the form attached hereto as Exhibit A.  It shall be the further obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any expert and/or advisor, promptly to notify opposing counsel of such breach or threatened breach; and

    (f)    Any other person as to whom the producing party agrees in writing prior to disclosure.

    7.    Documents or material (including portions of deposition transcripts) designated as "Confidential" and information derived solely therefrom may only be disclosed or made available by the party receiving such information to "Qualified Persons," who are defined to consist solely of:

    (a)    The Court;

    (b)    The named parties to this action, which in the case of corporate parties shall include:  the corporation's officers, directors, and managers, along with employees of such corporate parties to whom disclosure is necessary to aid counsel in the prosecution and defense of this action;

4

#40768 v1 saf

(c)     Counsel (including "in-house" counsel) to the named parties to this action, and the paralegal, clerical, and secretarial staff employed by such counsel;

(d)     Court reporters;

(e)     deponent in a deposition taken in connection with this action;

(f)     Experts and/or advisors consulted by the named parties or their counsel in connection with the action, whether or not retained to testify at trial; provided, that prior to any such disclosure, counsel for the party making the disclosure shall deliver a copy of this Protective Order to the expert and/or advisor, shall explain its terms to the expert and/or advisor, and shall secure the signature of the expert and/or advisor on a letter in the form attached hereto as Exhibit A.  It shall be the further obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any expert and/or advisor, promptly to notify opposing counsel of such breach or threatened breach;

(g)     Government regulators;

(h)     Government officials to whom disclosure is required by law;

(i)     Insurance carriers; and

(j)     Any other person as to whom the producing party agrees in writing prior to disclosure.

8.     Documents and materials designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" and information derived solely therefrom shall be used by the parties to the action and their counsel only for the purposes of preparing for and conducting the action.  Documents and materials designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" and information derived solely therefrom shall not be used by the parties or their counsel except as expressly permitted herein.  Moreover, any document containing summary or recitation of any part of the content of a Confidential Document also shall be

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

deemed to be a Confidential Document and subject to all of the protections and restrictions in this Stipulation.

9.     No copies shall be made of any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" document except as necessary for preparation and prosecution of the action.  Any and all such documents shall be kept in secure, segregated facilities and access to those facilities shall be permitted only to Qualified Persons.  Counsel for each party shall take such reasonable steps to advise those persons employed or retained in clerical, stenographic or ministerial functions of the restrictions upon dissemination of confidential documents provided by this Stipulation.

10.     Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained lawfully by such party or witness independently of the discovery proceedings in this action, whether or not such documents or information are also obtained through discovery proceedings in this action.

11.     Nothing contained herein shall constitute a waiver of or otherwise restrict a party's right to object to the discovery of or use of any documents or information in the action.

12.     If documents and material (including portions of deposition transcripts) designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," or information derived solely therefrom, are to be included in any papers to be filed in Court, such papers shall be labeled "Confidential—Subject to Court Order" and filed under seal and kept under seal until further Order of the Court.

13.     Each non-lawyer given access to documents, material or information designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" pursuant to the terms hereof shall be advised that the documents, material or information are being disclosed pursuant to and subject to the terms of this Stipulation and Protective Order and may not be disclosed other than pursuant to the terms hereof.

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

14.    Complying with the terms of this Protective Order shall not:  (a) operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable proprietary or commercial information; or (b) prejudice in any way the right of a party at any time:  (i) to seek a determination by the Court of whether any particular documents, item of material, or piece of information should be subject to the terms of this Protective Order; or (ii) to seek relief on appropriate notice from any provision(s) of this Protective Order, either generally or as to any particular documents, item of material, or piece of information.

15.    Upon termination of any of the above-captioned action, including all appeals, the parties shall return to counsel for the producing party all documents or material designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" and all copies thereof, or the parties may agree upon appropriate methods of destruction.  Notwithstanding the foregoing, to the extent that documents reflecting attorney work product contain material or information designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," counsel in possession of such documents may, in lieu of returning them to the producing party, certify in writing to the producing party that such documents have been destroyed.

16.    Nothing in this Protective Order shall be construed to prohibit a party from producing documents, material or information designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" in its possession pursuant to a subpoena or other legal process; provided, that the party in possession of such documents, material or information, if subpoenaed, shall give notice of such subpoena (unless prohibited by law from doing so) to the originally producing party as soon as possible and, in any event, within five (5) days after receiving such subpoena.  Unless such notice is prohibited by law, the subpoenaed party shall not produce any of the producing party's "Confidential" or "Highly Confidential—Attorneys' Eyes Only" documents, material or information for a period of at least five (5) days after providing the required notice to the producing party.  If, within

#40768 v1 saf

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

five (5) days of receiving such notice, the producing party opposes production of its "Confidential" or "Highly Confidential—Attorneys' Eyes Only" documents, material or information pursuant to the subpoena, the subpoenaed party shall reasonably cooperate with the producing party in seeking to quash such subpoena and shall not thereafter produce such documents, material or information pursuant to the subpoena except pursuant to a court order requiring compliance with the subpoena.  A party shall not be required to give notice of any subpoena where such provision of notice is prohibited by law.

17.    All discovery material in this action, including documents, material, and information designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," may be used by the parties to the action, subject to the rights of any party to raise any other objections to the use of such discovery material.

18.    The provisions of this Stipulation and Protective Order shall survive the termination of the action, and shall remain enforceable by the parties.

19.    The parties will jointly seek the approval of the Court with respect to this Stipulation and Protective Order.  Notwithstanding the pendency of approval by the Court, this Stipulation and Protective Order shall become effective immediately upon execution by the parties.  If approval by the Court is ultimately denied, no party shall treat any documents, material or information designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" that was produced prior to that time other than as provided herein.

1     20.    The Court is not bound by the terms of this Protective Order, and this

2  Protective Order may be modified by subsequent Order of the Court.

3          AGREED:

4

5  DATED: November __, 2008          HEWITT & O'NEIL LLP

6                                    LAWRENCE J. HILTON
                                     WILLIAM E. HALLE
7                                    JAMES R. BRUNER

8

9                                    By: _____

10                                        Lawrence J. Hilton

11                                   Attorneys for Plaintiff and Counterdefendant
                                     TYR SPORT, INC.
12

13

14

15

16  DATED:  November __, 2008         KATTEN MUCHIN ROSENMAN LLP
                                      KAREN ARTZ ASH
17                                    JAMES J. CALDER
                                      STUART M. RICHTER
18                                    ZIA F. MODABBER
                                      GREGORY S. KORMAN
19

20

21                                   By: _____

22                                        Stuart M. Richter

23                                   Attorneys for Defendant SPEEDO USA, a
                                     division of WARNACO SWIMWEAR, INC.
24

25

26

27

28

9

#40768 v1 saf

DATED:  November __, 2008         HOLME ROBERTS & OWEN LLP
                                  ADAM BREZINE
                                  RICHARD R. YOUNG


                                  By:  _____

                                       Adam Brezine

                                  Attorneys for Defendants UNITED STATES
                                  SWIMMING, INC. and MARK SCHUBERT




DATED:  November __, 2008         CAMERON, PEARLSON & FOSTER
                                  RICHARD J. FOSTER


                                  By:  _____

                                       Richard J. Foster

                                  Attorneys for Defendant and Counterclaimant
                                  ERIK VENDT



IT IS SO ORDERED:

_____
Marc L. Goldman
United States Magistrate Judge

Dated:  November 14, 2008

[PROPOSED] STIPULATED PROTECTIVE ORDER

#40768 v1 saf

1

## Exhibit A

2

## UNITED STATES DISTRICT COURT

3

## CENTRAL DISTRICT OF CALIFORNIA

4

5

6

7

8

9

10

11

12

13

14

| | |
|---|---|
| TYR SPORT, INC., a California corporation<br><br>          Plaintiff,<br><br>     vs.<br><br>WARNACO SWIMWEAR, INC. dba SPEEDO USA, a Delaware corporation; UNITED STATES SWIMMING, INC., an Ohio corporation; MARK SCHUBERT, an individual; ERIK VENDT, an individual; and DOES 1 through 10, inclusive,<br><br>          Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.: SACV 08-00529 JVS (MLGx)**<br><br>**LIMITED SPECIAL APPEARANCE AND AGREEMENT FOR ACCESS TO CONFIDENTIAL DOCUMENTS AND INFORMATION** |

15

16

17

18

19

20

21

I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order entered by the Court in the above-captioned matters on this _____ day of _____, 2007.  I understand the terms of the Court's Order and under oath consent to be bound by the terms of the Court's Order as a condition to being provided access to confidential documents and information furnished by _____.  By executing this Agreement, I hereby consent to the jurisdiction of the above-captioned Court for the special and limited purpose of enforcing the terms of the Court's Protective Order.

22

23

I hereby declare under penalty of perjury under the laws of the United States of America that the above statements are true and correct.

24

Dated: _____

25

26

27

28

By: _____

Name: _____

Title: _____

Affiliation: _____

Address: _____

11

**[PROPOSED] STIPULATED PROTECTIVE ORDER**